### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHUCK TIESSEN, | ) |
|     Plaintiff, | ) |
| vs. | ) Case No. CIV-05-0127-F |
| LA MACARENA MEXICAN RESTAURANT, | ) |
|     Defendant. | ) |

### ORDER

Plaintiff's "Notice of Voluntary Dismissal With Prejudice" is before the court.

Rule 41(a), Fed. R. Civ. P., governs voluntary dismissals. Subsection (2) of this Rule applies.[1] Subsection (2) provides that the court may not order an action dismissed at the plaintiff's instance except upon such terms and conditions as the court deems proper.

Plaintiff's notice does not state that defendant is in agreement with the dismissal, and the notice is not signed by the defendant. The certificate of service on the notice indicates electronic service upon LStout (presumably Lu Ann Stout); however, Ms. Stout has withdrawn as counsel of record for defendant. The certificate of service also reflects that the notice was mailed to Mr. Natvidad Aguirre. Mr. Aguirre has attempted to enter his appearance in this action, indicating that he intends to represent his company *pro se* (although limited liability companies are not generally allowed to represent themselves *pro se*), indicating that he is the lessee of

---

[1] Subsection (1) of Rule 41(a) applies when (i) the notice of dismissal is filed before service of an answer or of a motion for summary judgment, whichever is first; or (ii) when a stipulation of dismissal is filed by all parties who have appeared. These conditions are not met here.

the property and not the owner, and further stating that "the building has been fixed and now meets handicap rules." (Doc. no. 41.)

In these circumstances, the court finds that plaintiff's notice of voluntary dismissal is not an adequate basis upon which to dismiss this action and close this case. Rather, the notice will be treated as a motion by plaintiff to voluntarily dismiss this action with prejudice and with each party to bear their own costs. If defendant objects to plaintiff's voluntary dismissal of this action on these terms, then defendant shall respond to the notice (now construed as a motion) by July 18, 2006. If no objection is filed, the court will then close this action with the notation that it was voluntarily dismissed by plaintiff with prejudice and with each party to bear their own costs.

The clerk is directed to serve this order on defendant's former counsel, Lu Ann Stout, who shall immediately cause a copy of this order to be served on the defendant.

Dated this 3rd day of July, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0127p017(pub).wpd